# IN THE SUPREME COURT OF IOWA

No. 18–0351

Filed April 26, 2019

**STATE OF IOWA,**

Appellee,

vs.

**KATHY JO PERRY,**

Appellant.

_____

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Woodbury County, John C. Nelson, District Associate Judge.

A defendant appeals the sentence imposed following her conviction for driving while her license was barred. **DECISION OF COURT OF APPEALS VACATED; SENTENCE VACATED IN PART AND CASE REMANDED.**

Mark C. Smith, State Appellate Defender (until withdrawal), and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, Patrick Jennings, County Attorney, and Jacklyn M. Fox, Assistant County Attorney, for appellee.

**PER CURIAM.**

Kathy Jo Perry appeals the sentencing order following her guilty plea to driving while her license was barred. She contends the district court erred by ordering her to pay restitution for attorney fees and correctional costs without determining the amounts of those obligations. The sentencing order declared Perry was reasonably able to pay attorney fees but was silent about her ability to pay other court costs.

We transferred the case to the court of appeals. The court of appeals vacated that part of the sentence dealing with restitution and remanded the case for entry of a corrected sentencing order. Perry asked for further review, which we granted.

As to Perry's argument that the district court erred in ordering her to pay restitution in the form of attorney fees and other costs, we find the restitution part of her sentence should be vacated. In *State v. Albright*, ___ N.W.2d ___ (Iowa 2019), filed after the court of appeals decision in this case, we set forth the procedure to follow when determining the restitution obligation of a defendant. There we held that certain items of restitution are subject to a reasonable-ability-to-pay determination. *Id.* at ___; *see also* Iowa Code § 910.2(1) (2019). We also clarified that a plan of restitution is not complete until the sentencing court issues the final restitution order. *Albright*, ___ N.W.2d at ___. Finally, we emphasized that a final restitution order must take into account the offender's reasonable ability to pay certain items of restitution. *Id.*

Here, the district court did not have the benefit of the procedures outlined in *Albright* when it entered its order regarding restitution. Accordingly, we must vacate that part of the sentencing order regarding

restitution and remand the case back to the district court to impose restitution consistent with our decision in *Albright*.

**DECISION OF COURT OF APPEALS VACATED; SENTENCE VACATED IN PART AND CASE REMANDED.**

All justices concur except McDonald, J., who takes no part.

This opinion shall not be published.